UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

STEVEN E. BAKER,

    Plaintiff,

v.

ANDREW M. SAUL COMMISSIONER OF SSA,

    Defendant.

CIVIL ACTION NO. 7:20-cv-43- KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

    The plaintiff, Steven E. Baker, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of Commissioner's denying his claim for disability insurance benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision.

    This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

    In denying Baker's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

    The five steps, in summary, are as follows:

    1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

    2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)). If, at any step in the process, the administrative law judge ("ALJ") concludes that the claimant is or is not disabled, then the ALJ can complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4).

The claimant bears the burden of proof through the first four steps of the analysis; and, at step five, the burden shifts to the Commissioner. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011). The claimant must, in order to satisfy his burden of proof, provide sufficient facts to find in his favor. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010).

Baker filed his claim for DIB on November 28, 2016 (Administrative Record "AR" at 12), alleging disability as of December 6, 2016 (AR at 14). Baker's claim was initially denied on March 17, 2017, and upon reconsideration on July 10, 2017. (AR at 12.) Baker requested review by an ALJ, and a hearing was held on December 3, 2018. The ALJ subsequently issued an unfavorable decision on February 5, 2019. *Id.*

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should

not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

At the time the ALJ rendered the decision, Baker was 53 years old. Baker graduated from high school, completed two years of college, and worked as a coal truck driver and heavy equipment operator (AR at 20.)

At step one, the ALJ determined that Baker has not engaged in substantial gainful activity since December 6, 2016. (AR at 14.)

At step two, the ALJ determined that Baker suffered from the severe impairments of obesity; degenerative joint disease of the bilateral shoulders with acromioclavicular separation of the left shoulder and partial tendon tear of the right shoulder; degenerative disc disease of the cervical and lumbar spine; osteoarthritis of the bilateral knees; and chronic obstructive pulmonary disease. (AR at 15.)

At step three, the ALJ found that Baker does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*)

Before proceeding to step four, the ALJ determined that Baker has the residual functional capacity (RFC) to perform a broad range of "light" work that does not require:

> frequent use of the upper extremities for pushing or pulling; no
> work with hands overhead; no kneeling, crouching, or crawling;

>occasional stooping; no climbing of ropes, ladders, or scaffolds; occasional climbing of stairs or ramps; no exposure to concentrated dust, gases, smoke, fumes temperature extremes, excess humidity, concentrated vibration or industrial hazards.

(AR at 16.)

At step four, the ALJ determined that Baker is unable to perform any past relevant work. (AR at 21-22.)

At step five, the ALJ determined that, considering the RFC described above and Baker's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Baker can perform and, thus, he is not disabled. (AR at 22.)

Baker argues that the ALJ erred in assessing his RFC by giving no weight to the opinion of his treating APRN, April Fleming. Fleming opined that Baker could only work two hours per day, that his legs were in constant need of elevation, that he could sit and stand for only one hour at a time, and that his impairments would cause him to miss 15 days of work each month if he were working a full-time job. AR 507. At the time that Baker filed his application for benefits, APRNs were not considered "acceptable medical sources." 20 C.F.R. § 416.913(a) (effective Sept. 3, 2013 to March 26, 2017). Instead, Fleming would be considered an "other source." See 20 C.F.R. § 416.913(d) (effective Sept. 3, 2013 to March 26, 2017). The ALJ had the discretion to determine the appropriate weight to accord the opinion of a medical source who was not an "acceptable medical source" based on all the evidence in the record. *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 530 (6th Cir.1997).

The ALJ provided sufficient reasons for rejecting Nurse Fleming's opinion. He noted that the opinion was "undermined by the medical diagnostic imaging scans that showed that the claimant only experiences mild degenerative changes." (AR 21.) The ALJ noted that there was no evidence that Baker had advanced degeneration in his spine. Further, the ALJ noted that Baker

4

had not received surgery to relieve any of his impairments and that his treatment had consistently remained conservative. *Id.* Therefore the ALJ concluded, "The treatment history does not support the magnitude of limitations opined by Nurse Fleming." *Id.*

The medical evidence that Baker cites in his motion does not support Nurse Fleming's opinion that Baker could not work a full day or her opinion that he would have to miss 15 days of work a month due to his physical condition. Nor does Baker explain why any of the medical evidence he cites would require any greater limitations on his ability to perform work-related functions than the ALJ assessed.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 12) is **DENIED**;

2. The defendant's motion for summary judgment (DE 15) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated July 28, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY